IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT DANNY SHUMWAY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:10-CR-926 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Brett Danny Shumway's Motion for Compassionate Release.  For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

Defendant was charged with armed credit union robbery and a violation of 18 U.S.C. § 924(c).  Defendant pleaded guilty to both counts.  At sentencing, it was determined that Defendant qualified as a career offender, resulting in a guideline range of 292 to 365 months. The Court sentenced Defendant to a low-end sentence.  Defendant is currently projected to be released in July 2031.  He now seeks to reduce his sentence based on the COVID-19 pandemic, the disparity between his sentence and the sentence received by his co-defendant, and his rehabilitative efforts.

1

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2]  In two recent decisions, the Tenth Circuit has held USSG §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.[3]  Instead, "the Sentencing Commission's existing policy statement is

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[3] *McGee*, 992 F.3d at 1050; *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021).

applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[4]  Because there is no policy statement "applicable" to § 3582(c)(1)(A) motions filed by prisoners, the Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[5]

Defendant first argues that COVID-19 presents an extraordinary and compelling reason to support his request for a reduced sentence.  However, Defendant has recovered from COVID and has received two doses of the Moderna vaccine and has refused a booster.[6]  A number of courts have held that a fully vaccinated individual, such as Defendant, cannot show an "'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A) when the motion is based on COVID-19 concerns."[7]  The Court agrees and concludes that Defendant has not shown "extraordinary and compelling" reasons for a sentence reduction based solely on the presence of COVID-19.

Defendant next argues that the disparity in sentences between himself and his co-defendant justifies a sentence reduction.  However, there was no unwarranted disparity in

---

[4] *McGee*, 992 F.3d at 1050; *see also Maumau*, 993 F.3d at 837 (same).

[5] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also Maumau*, 993 F.3d at 834 (same).

[6] Docket No. 141-1 at 52–66, 77, 79–80.

[7] *United States v. Burgoon*, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (collecting cases); *cf. United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting there is "certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" where appellants "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19").

sentences.  Rather, Defendant and his co-defendant received different sentences because, among other things, the different roles the played in the offense and the differences in their criminal history.  Importantly, Defendant qualified as a career offender and his co-defendant did not.

Finally, Defendant points to his efforts at rehabilitation while in custody.  The Court commends Defendant's progress, but Congress has dictated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction.[8]  Thus, Defendant has failed to show extraordinary and compelling reasons for a sentence reduction.

Even assuming Defendant had presented extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification is warranted under the 18 U.S.C. § 3553(a) factors.[9]   The Court's consideration of the §3553(a) factors leads to the conclusion that release is not appropriate.  The offense here was serious.  Defendant and his co-defendant were involved the robbery of a credit union wherein the co-defendant displayed a gun and threatened to kill a teller.  While Defendant may have acted only as the getaway driver, the robbery was his idea and he provided the means to commit it, including supplying the car that was used, the gun that was brandished, and the name of the teller who was targeted.  The sentence Defendant received reflects the seriousness of his conduct and was necessary to promote respect for the law and provide just punishment.

Defendant's history and characteristics also do not support a sentence reduction. Defendant has a long history of criminal conduct, including a number of prior robberies.  These

---

[8] 28 U.S.C. § 994(t).

[9] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

prior convictions led to the imposition of the career offender enhancement.  The Court

recognizes that Defendant has taken efforts to better himself while in custody, but the Court also

notes that Defendant committed the instant offense just a few years after having served a

significant prison sentence during which he could have reformed.  While Defendant's efforts are

commendable, the sentence imposed was and is necessary to provide deterrence to this

Defendant and others, and to protect the public.  Therefore, release is not appropriate under the

relevant factors.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 138) is

DENIED.

DATED this 16th day of March, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

5