IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT DANNY SHUMWAY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:10-CR-926 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Brett Danny Shumway's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant was charged with armed credit union robbery and a violation of 18 U.S.C. § 924(c). Defendant pleaded guilty to both counts. At sentencing, it was determined that Defendant qualified as a career offender, resulting in a guideline range of 292 to 365 months. The Court sentenced Defendant to a low-end sentence. Defendant is currently projected to be released in July 2031. He previously sought to reduce his sentence based on the COVID-19 pandemic, the disparity between his sentence and the sentence received by his co-defendant, and his rehabilitative efforts. That request was denied.[1] He now seeks a reduction arguing that he did not qualify as a career offender.

---

[1] Docket No. 147.

1

## II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[2] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[3]

Defendant argues that extraordinary and compelling reasons warrant a sentence reduction, asserting that his guideline range was incorrectly calculated. Defendant first argues that his seven prior robbery convictions should not have been counted separately under

---

[2] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Sentencing Guideline § 4A1.2(a)(2),[4] resulting in an overcounting of criminal history points. Even accepting Defendant's claim, it is irrelevant. Defendant's criminal history was based on the fact that he was a career offender. Sentencing Guideline § 4B1.1(b) provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI." Thus, even if Defendant's criminal history score was incorrectly calculated, his criminal history category remained the same. Moreover, as will be discussed, even if the robbery sentences should not have been counted separately, Defendant remained a career offender.

Defendant next argues that his prior controlled substance and robbery convictions should not have been counted due to their age. Defendant points out that his prior controlled substance conviction occurred in 1991 and his robbery convictions are from 1995. Sentencing Guideline § 4A1.2(e) provides guidance on when prior sentences are to be counted. Relevant here, § 4A1.2(e)(1) states:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Here, the offense occurred in September 2010. Defendant's prior sentences were indeterminate sentences with five- and fifteen-year maximum sentences, respectively.[5] So, generally, any sentence of imprisonment before September 1995 would not be counted. However, Defendant remained incarcerated for these offenses during the fifteen-year period

---

[4] The Court has used the 2011 Guidelines Manual in effect at the time of Defendant's sentencing.

[5] USSG § 4A1.2, Application Note 2 (providing that in the case of an indeterminate sentence, the sentence of imprisonment is the stated maximum).

3

leading up to 2010. In the controlled substance case, Defendant's parole was revoked in 1994 and he remained incarcerated until 1997. Under Sentencing Guideline § 4A1.2(k), where there is "an adult term of imprisonment totaling more than one year and one month," "and the defendant's date of last release from incarceration on this sentence is within the fifteen-year time period of section 4A1.2(e)(1), then the conviction is counted as a predicate offense under section 4B1.1 for 'career offender' purposes."[6] Similarly, Defendant was incarcerated for his robbery convictions during the relevant 15-year period, being released in 2004. Thus, Defendant had at least two prior, countable predicate offenses: his controlled substance offense and at least one prior robbery conviction.[7] Therefore, Defendant was properly deemed a career offender and he has failed to demonstrate extraordinary and compelling reasons to support a sentencing reduction.

Even assuming Defendant had presented extraordinary and compelling reasons for a sentencing modification, he still must show that a sentence modification is warranted under the 18 U.S.C. § 3553(a) factors.[8] As explained previously, the Court's consideration of the §3553(a) factors leads to the conclusion that release is not appropriate. The offense here was serious. Defendant and his co-defendant were involved the robbery of a credit union wherein the co-defendant displayed a gun and threatened to kill a teller. While Defendant may have acted only as the getaway driver, the robbery was his idea and he provided the means to commit it, including supplying the car that was used, the gun that was brandished, and the name of the teller

---

[6] *United States v. Coleman*, 9 F.3d 1480, 1485 (10th Cir. 1993).

[7] Defendant makes no other argument that his convictions should not be considered crimes of violence or controlled substance offenses.

[8] 18 U.S.C. § 3582(c)(1)(A); *see also McGee*, 992 F.3d at 1042.

who was targeted. The sentence Defendant received reflects the seriousness of his conduct and was necessary to promote respect for the law and provide just punishment.

Defendant's history and characteristics also do not support a sentence reduction. Defendant has a long history of criminal conduct, including a number of prior robberies. These prior convictions led to the imposition of the career offender enhancement. The Court recognizes that Defendant has taken efforts to better himself while in custody, but the Court also notes that Defendant committed the instant offense just a few years after having served a significant prison sentence during which he could have reformed. While Defendant's efforts are commendable, the sentence imposed was and is necessary to provide deterrence to this Defendant and others, and to protect the public. Therefore, release is not appropriate under the relevant factors.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 148) is DENIED.

DATED this 21st day of November, 2022.

BY THE COURT:

Ted Stewart
United States District Judge